IN THE UNITED STATES BANKRUPTCY COURT OF ARKANSAS
EASTERN DISTRICT
HELENA DIVISION

In Re:     Dale C. Bartlett
            Debtor

Case No.: 2:14-bk-14794
Chapter: 12

MOTION FOR RELIEF FROM THE AUTOMATIC STAY –
MOTION FOR AN EMERGENCY HEARING –
MOTION FOR A LIEN ON CROPS TO BE HARVESTED

Comes now the Movant, Keith Wilkison, by and through his attorneys, Louis A. Etoch and David Hodges, and for his Motion for Relief from Stay, and other relief requested, states the following:

1. On September 5, 2014, the Debtor, Dale Bartlett, sought protection under the United States Bankruptcy Code under Chapter 12.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1334, 11 U.S.C. 362(d).

3. This Motion is made pursuant to Rule 4001 and Rule 9014 of the United States Bankruptcy Rules.

4. The Movant claims the Debtor has entered into a partnership with the Movant and has violated his duties to the partnership requiring its

1

dissolution and also requiring a lien to be placed on the upcoming harvest of crops.

5. The Movant had filled a lawsuit against the Debtor on September 3, 2014 and was in the process of bringing that case to a hearing before the State court judge.

6. The Debtor entered into an oral partnership in 2013 to farm rice and beans in Lea County, Arkansas. Plaintiff is a 50/50 partner in this partnership with Dale Bartlett owning a percentage of the other 50% interest in the partnership.

7. The Movant earned $200,000 from the 2013 harvest, which he has allowed to remain in the partnership.

8. There are currently 360 acres of rice and 50 acres of beans which will be ready for harvest in approximately two weeks. The value of this crop is estimated at $400,000.

9. The Debtor has indicated that a third party will harvest the crop and the Debtor denies that the partnership ever existed.

10. The parties cannot agree on who should harvest the crop.

11. The Movant harvested the entire 2013 crop and made many expenditures on both the 2013 and 2014 crops. These included $25,000 on chemicals in 2013 and outstanding chemical bills from this year's crop.

12. Movant believes that if the debtor harvests the crop the Movant will not receive his share of the 2013 or 2014 crop. There is no need for the partnership to incur the added expense of having a third party harvest the crop when Keith Wilkison, a partner, is ready, willing and able to harvest said crops.

13. Due to the pressing need to harvest the crops at the appropriate time and the danger of the Movant being defrauded if the Defendant is allowed to harvest a lien on the crops is required.

14. This two week time frame until harvest means that this matter requires an emergency hearing.

WHEREFORE, the Movant prays that this court grant him Relief from the Automatic Stay, that this court order a lien on the 2014 crops to be harvested within the month, and that the court set the hearing on this matter to be held as soon as possible, and for any and all other relief which the Movant would be entitled by law or equity.

Respectfully Submitted,

By: /s/ David Hodges
DAVID A. HODGES
Attorney at Law
212 Center Street, Fifth Floor
Little Rock, AR 72201-2429
Arkansas Bar No. 65021
Telephone: 501-374-2400
Facsimile: 501-374-8926
E-Mail: david@hodgeslaw.com

3

and

LOUIS ETOCH
Etoch Law Firm
727 Cherry Street
P.O. Box 100
Helena, AR 72342
Phone: 870-338-3591
Facsimile: 870-338-7201
E-Mail: louis@etochlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. Brooks A. Gill
Gill Law Firm
135 W. Waterman St.
Dumas, AR 71639

Mr. Louis A. Etoch
Attorney at Law
P.O. Box 100
727 Cherry Street
Helena, AR 72342

Mr. Frederick S. Wetzel, III
200 North State Street, Ste 200
Little Rock, AR 72201

/s/David Hodges
**DAVID HODGES**

4

dh/le/psf/126